**Vannak CHHOEUNG, Petitioner,**

**v.**

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 04–74811.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2008.

Filed Sept. 24, 2008.

Mary M. Waltermire, Esquire, Schoenleber & Waltermire, P.C., Sacramento, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Anh–Thu P. Mai–Windle, Senior Litigation Counsel, Mark Christopher Walters, Esquire, Assistant Director, DOJ—U.S. Department of Justice, Washington, DC, Andrew B. Birge, Esquire, U.S. Attorneys Office, Grand Rapids, MI, for Respondent.

Before: THOMAS and BYBEE, Circuit Judges, and BLOCK *, Senior Judge.

MEMORANDUM **

Vannak Chhoeung petitions for review of the Board of Immigration Appeals'

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("BIA") adoption and affirmance of the Immigration Judge's ("IJ") denial of asylum, statutory withholding, and withholding of removal under the Convention Against Torture. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

Where, as here, the BIA cites *Matter of Burbano* and does not express any disagreement with any part of the IJ's decision, the BIA is understood to have undertaken an independent review of the record and adopted the IJ's decision in its entirety. *Abebe v. Gonzales,* 432 F.3d 1037, 1040 (9th Cir.2005). Where the BIA adopts the IJ's decision, we review the IJ's decision as if it were that of the BIA, and the final agency decision. *Id.* at 1039; *Nuru v. Gonzales,* 404 F.3d 1207, 1215 (9th Cir. 2005).

In reviewing Chhoeung's petition for relief, the IJ determined that Chhoeung was statutorily ineligible for relief because he had persecuted others. Subsequent to the IJ and BIA decisions in this case, we decided *Miranda Alvarado v. Gonzales,* 449 F.3d 915 (9th Cir.2006), which established the analytical framework relevant to determining statutory ineligibility for asylum based on a petitioner's persecution of others. Specifically, *Miranda Alvarado* requires "a particularized evaluation of both personal involvement and purposeful assistance in order to ascertain culpability." *Id.* at 927. Because neither the BIA nor the IJ had the benefit of *Miranda Alvarado* when the respective agency decisions were issued, and because Chhoeung has a colorable argument for relief under the case, we grant the petition for review and remand for the BIA's reconsideration of the case in light of *Miranda Alvarado.*

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

We do not prejudge the results of that inquiry, nor do we place any limits on the scope of the BIA's reconsideration.

**REMANDED.**